USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 9/11/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.G.J.,

Petitioner,

–against–

PAUL ARTETA in his official capacity as Sheriff of Orange County, New York and Warden of the Orange County Correctional Facility,

KENNETH GENALO, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement,

TODD M. LYONS, in his official capacity as Acting Director, United States Immigration and Customs Enforcement,

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and

TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice,

Respondent.

No. 26-cv-04190

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Petitioner E.G.J. ("Petitioner") has been detained by Immigration and Customs Enforcement ("ICE") at the Orange County Correctional Facility ("OCCF") since September 26, 2025. On May 19, 2026, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 ("Petition") challenging his prolonged immigration detention without a bond hearing. On July 2, 2026, the United States Attorney for the Southern District of New York opposed the Petition on behalf of Respondents Paul Arteta, Kenneth Genalo, Todd M. Lyons,

Markwayne Mullin, and Todd Blanche ("Respondents" or "Government"). Petitioner filed a reply on July 31, 2026. On August 27, 2026, Magistrate Judge McCarthy issued a Report and Recommendation recommending two forms of relief: (1) that "the Government provide [E.G.J.] with an individualized bond hearing before an immigration judge," at which "the Government shall bear the burden to prove, by clear and convincing evidence, that [E.G.J.] is a danger to the community or a risk of flight," and (2) that "the Government should be enjoined from transferring [E.G.J.] outside the jurisdiction of this Court" while his petition remains pending. (ECF No. 22 at 13.)

**Standard of Review**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. See Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2)–(3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601,

604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections... or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a " 'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), aff'd, 308 F. App'x 560 (2d Cir. 2009).

## **Discussion**

Despite the passage of more than fourteen days, the Respondents have not objected to MJ McCarthy's Report and Recommendation. As required, the Court reviews the R&R for clear error. *See Harris*, 2008 WL 772568, at *6. Upon a thorough review of the record and MJ McCarthy's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

For the reasons delineated in the R & R the Government is hereby ordered to provide Petitioner with an individualized bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a), on or before September 17, 2026, 2:00 pm. "At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight." *Romero*, 2025 WL 3110459, at *4. Until such time as a hearing is held in accordance with this decision and order, (1) the Government is enjoined from transferring Petitioner outside the jurisdiction of this Court; and (2) if the Government fails to provide Petitioner with an appropriate hearing by the date and time set by this Court, "the Government is directed to immediately release the Petitioner." *Id*. Consistent with the R & R, the Court denies Petitioner's application that he be immediately released, granted a bond hearing before this Court, an award of attorney's fees and cost at this time.

The Clerk of the Court is kindly directed to terminate the letter motion at ECF No. 23.

SO ORDERED.

Dated: September 11, 2026
White Plains, New York

Nelson S. Román

U.S. District Court, S.D.N.Y.